IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.
05 DEC -2 PM 3: 43
THOMAS M. GOULD
CLERK, US DISTRICT COURT
W/D OF TN MEMPHIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 05-20089 Ml/ |
| JOEL EDWARD SCOTT, | ) ) | **PUBLIC REDACTED COPY** |
| Defendant. | ) | |

ORDER ON DEFENDANT'S MOTION TO SUPPRESS

This cause is before the Court on the motion of Defendant, Joel Scott, through his court appointed counsel, Eugene A. Laurenzi, Esquire. Defendant moves to suppress evidence seized during the March 8, 2005 search of the Defendant's home by the Hardin County Sheriff's Department. Defendant specifically challenges the search based on certain language which appears in the affidavit's description of the property.[1] The government concedes that the affidavit submitted in connection with the

---

[1]Additionally, Defendant challenged the language in the warrant itself, asserting that it incorrectly identified the property for which the search was to be conducted. At the beginning of the hearing, however, it was agreed by both counsel that the challenge to the description of the property in the warrant was based on an initial draft of the warrant received by the Defendant during discovery in this case and that the actual warrant, had, by innerlineation, deleted the word "stolen" and thus corrected the property description. See Hearing Exhibit "1" (draft search warrant) filed November 29, 2005.

1

This document entered on the docket sheet in compliance with Rule 55 and/or 32(b) FRCrP on 12-5-05



application for a search warrant describes the property as "namely certain narcotics." Affidavit of Terry Dicus, Investigator, Hardin County Sheriff's Department (March 8, 2005). The government asserts, however, that this is an immaterial discrepancy and that the more specific descriptive language properly described the computer and computer media to be seized.

## FACTS

The facts in this case are not disputed. On March 8, 2005, the Defendant's home at 365 Hardy Road, Hardin County, Tennessee was searched by the Hardin County Sheriff's Department pursuant to a search warrant obtained as a result of the affidavit of Terry Dicus, an investigator with the Hardin County Sheriff's Department. Deputy Dicus, as a result of the search, seized the following items as reflected in his return to the General Sessions Judge:

> One computer hard drive.  One CD-RW rewritable device. One Magpix B350 digital camera with manual.  One Argus digital camera.  Two web cameras.  Logitech device. Forty nine CD/ROM/DVD type storage devices.  Thirty two diskettes.  Eighty five VHS tapes.  Forty four adult magazines.  One envelope full of advertisements.

Officer's Return, March 8, 2005.

The affidavit executed by Deputy Dicus on March 8, 2005 in relevant part reads as follows:

2

> Personally appeared before me Terry Dicus, Investigator with the Hardin County Sheriff's Department, and made oath that he has good ground and belief that Joel E. Scott is in possession of the following described property namely certain narcotics to-wit: a computer harddrive and storage devices to include diskettes, video tapes, DVDs, cassettes, CD-ROMs, and magazines that may include **[redacted]** contrary to the laws of the State of Tennessee.

Affidavit of Investigator Terry Dicus (March 8, 2005). The affidavit then provided a description of the location of the residence of Joel E. Scott, and then stated the reasons for Investigator Dicus' belief regarding the property as follows:

**[REDACTED]**

Affidavit of Investigator Dicus (March 8, 2005).

3

ANALYSIS

Defendant argues that the faulty description in the supporting affidavit renders the warrant under which the search of Scott's home and the seizure of his property occurred invalid under the Fourth Amendment for insufficient particularity. Defendant specifically asserts that the affidavit, which led to the search warrant in this case, does not correctly describe the property searched for or seized. Defendant asserts that there is no good faith exception to the exclusionary rule under the circumstances - particularly where the affidavit is fatally deficient in failing to particularize the things to be seized. Defendant relies on <u>United States v. Leon</u>, 468 U.S. 897 (1984) and <u>Massachusetts v. Sheppard</u>, 468 U.S. 981 (1984). Defendant argues that the lack of the proper description in the affidavit renders the search warrant deficient and that the good faith exception to the exclusionary rule should not apply in this case.

The United States argues that the search warrant itself meets the Fourth Amendment requirement that the property to be seized be described with particularity. The government further contends that the error in language in the supporting sworn affidavit of Investigator Dicus was merely a "clerical error" which should not invalidate the otherwise legally sufficient warrant. Additionally,

4

the government argues that under the good faith exception, suppression of evidence obtained from an invalidated search warrant "is appropriate only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." United States v. Leon, 468 U.S. 897, 926 (1984).

In United States v. Leon, 468 U.S. 897 (1984), the United States Supreme Court reversed the lower courts granting of defense motions to suppress evidence, finding that the Fourth Amendment exclusionary rule should not be applied to exclude evidence obtained by officers acting in reasonable reliance on a search warrant issued by a detached neutral magistrate but ultimately found to be invalid. Id. The court noted that the standard of reasonableness is an objective one, that suppression is appropriate where officers have no reasonable ground for believing that the warrant was properly issued, or "where the officers were dishonest or reckless in prepare their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." Id. In Leon, the government did not seek review of the lower court's determination that the warrant was invalid but only presented to the Supreme Court the question of "whether the Fourth Amendment exclusionary rule should be modified so as not to bar the admission of evidence seized in reasonable, good faith reliance on a search warrant that is subsequently held to be defective." Id.

5

at 905. The Supreme Court held that even in the context of a search warrant obtained without probable cause, "the exclusionary rule could be modified somewhat without jeopardizing its ability to perform its intended functions." Id. at 905.

The instant case is materially different from the case presented to the Supreme Court in Leon. Sheriff Deputy Dicus's affidavit was based on current (not stale) information[2] received from two identified sources whose credibilty has not been attacked. The issues in this case are first, the validity of the search warrant, and secondly, if the warrant is invalid, should the exclusionary rule be applied to suppress the evidence seized in the search of defendant's home. The court concludes that the search warrant in this case was supported by probable cause and, therefore, is valid, and secondly, even if the warrant were determined to be invalid based on the flawed affidavit of Deputy Dicus, the evidence seized in the case falls within the good faith

---

[2]The lower courts in Leon concluded that the affiant officer could not establish probable cause to search one of the residences involved. Those courts found that the informant's knowledge of criminal activity in Leon was fatally stale. Additionally, the affidavit failed to establish the informant's credibility. The court also found that the subsequent police investigation was insufficient to cure the staleness or to corroborate the details of the informant's information. Thus the Ninth Circuit upheld the district court's suppression of the fruits of the search. 468 U.S. at 903.

Thus Leon arrived before the Supreme Court solely on the question of whether or not a good faith exception to the Fourth Amendment exclusionary rule existed. Id. 904-905.

6

exception to the Fourth Amendment recognized by the Supreme Court in <u>Leon</u>.  <u>Also see</u> <u>Massachusetts v. Sheppard</u>, 468 U.S. 981 (1984).[3]

---

[3]In <u>Sheppard</u>, a Boston police detective drafted an affidavit supporting an application for a search warrant as well as an arrest warrant. The officer sought to search for items including clothing of the victim and a blunt instrument asserted to have been used on the victim. After reviewing the affidavit, in preparing the search warrant itself a form search warrant used for controlled substances was utilized. The partially modified form was presented to a judge who was advised that further changes might need to be made in the warrant form. The judge made some changes but did not change the substantive portion of the warrant nor did the judge alter the form so as to incorporate the affidavit itself. The judge then signed the warrant and returned it and the affidavit to the detective. The search of the defendant's residence proceeded and was limited to the items listed in the affidavit. The defendant was charged with first degree murder and, subsequently, moved to suppress the evidence based on the defective warrant. It was asserted that the warrant did not particularly describe the items to be seized. The Massachusetts Supreme Judicial Court agreed that the warrant was defective and held that the evidence seized as a result of the defective warrant should be suppressed. The Supreme Court held that suppressing evidence because the judge failed to make all necessary clerical corrections "despite his assurances that such changes would be made will not serve the deterent function that the exclusionary rule was designed to achieve. Accordingly, federal law does not require the exclusion of the disputed evidence in this case. The judgement of the Judicial Supreme Court is therefore reversed...." 468 U.S. at 990. Unlike <u>Sheppard</u>, the search warrant in this case does not contain a clerical error. It clearly and precisely, and with the requisite constitutional particularity, describes the items that were the object of the search. While the affidavit itself contains a clerical error, perhaps in some way analogous to the error in <u>Sheppard</u>, the search warrant itself is clear. Moreover, the affidavit in this case, unlike the search warrant in <u>Sheppard</u>, also describes in detail the actual objects of the search. A reasonable reading of the affidavit prepared by Sheriff Deputy Dicus, can lead to only one conclusion and that is that the descriptive term "namely certain narcotics" was a simple clerical error in the description of the property to which the search was to be directed. Moreover, it is clear that any clerical error in the affidavit was corrected in the descriptive portion of the warrant itself.

7

Defendant's motion to suppress the items seized on March 8, 2005 at the home of Joel Scott in Hardin County, Tennessee is, therefore, DENIED.

ENTERED this ___2___ day of December, 2005

JON PHIPPS McCALLA
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 41 in case 2:05-CR-20089 was distributed by fax, mail, or direct printing on December 5, 2005 to the parties listed.

---

Dan Newsom
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Eugene A. Laurenzi
GODWIN MORRIS LAURENZI & BLOOMFIELD, P.C.
50 N. Front St.
Ste. 800
Memphis, TN 38103

Honorable Jon McCalla
US DISTRICT COURT